May 5, 2011

The Honorable R. Lowell Thompson
Navarro County Criminal District Attorney
300 West 3rd Avenue, Suite 203
Corsicana, Texas 75110

Opinion No. GA-0859

Re: Whether a sheriff or a fire department is responsible for determining where to land a helicopter during the investigation of a traffic accident (RQ-0932-GA)

Dear Mr. Thompson:

You inform us that a Navarro County Sheriff's deputy and the Navarro Mills Volunteer Fire Department were dispatched to a serious motor vehicle accident.[1] At the scene, the fire chief and sheriff's deputy disagreed over who could choose the landing site for a helicopter to take an accident victim to the hospital. Request Letter at 2. You write that the "deputy was of the opinion that he had command decision authority due to the traffic accident scene" and the "chief asserted he had command based on his experience and the need to transport the patients to the hospital via helicopter." *Id.* Accordingly, you ask, "who has command authority of a traffic accident scene? Specifically does the fire department or the sheriff's office have final say on where to land a helicopter?" *Id.* at 1.

As you note, some Texas laws authorize a sheriff's deputy to investigate certain motor vehicle accidents. *Id.* at 3 n.1 (citing articles 2.17 and 2.20 of the Code of Criminal Procedure, providing respectively that a sheriff's deputy is "a conservator of the peace in his county" and a duty imposed by this Code upon the sheriff may lawfully be performed by his deputy; and citing section 550.041(a) of the Transportation Code, providing that a peace officer may investigate certain kinds of traffic accidents). Other laws authorize a fire department to provide fire protection and emergency medical services. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 352.001(c) (West 2005) (authorizing a commissioners court to contract with a volunteer fire department to provide fire protection for areas outside a municipality). *See also, e.g.*, TEX. HEALTH & SAFETY CODE ANN. § 773.012(b)(8) (West 2010) (indicating that fire departments might provide emergency medical services). Thus, Texas statutes establish that law enforcement agencies and fire departments have different but related spheres of legal authority on matters relating to motor vehicle accidents.

---

[1]Letter from Honorable R. Lowell Thompson, Navarro County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 2 (Nov. 17, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

However, no Texas statute, judicial opinion, or regulation establishes whether a fire or sheriff's department would have "command decision authority" or "final say on where to land a helicopter" at a motor vehicle accident site. Instead, federal regulations establish that the pilot in command of a helicopter is "directly responsible for, and is the final authority as to, the operation of that aircraft." FAA General Operating and Flight Rules, 14 C.F.R. § 91.3(a) (2011).[2]

---

[2]Consistent with this federal requirement, state regulations provide that "[p]ersons or entities operating rotary wing air ambulances must direct and control the integrated activities of both the medical and aviation components." 25 TEX. ADMIN. CODE § 157.12(a) (2011) (Tex. Dep't of State Health Services, Rotor-Wing Air Ambulance Operations). Although the pilot of a helicopter is responsible for its operation, "typically the organization in charge of the medical functions directs the combined efforts of the aviation and medical components during patient transport operations." *Id.* The entity operating the helicopter and the organization in charge of the medical functions will vary from jurisdiction to jurisdiction within the state. *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 775.021–.026 (West 2010) (providing requirements for the creation of emergency service districts in and among counties and municipalities).

## S U M M A R Y

The helicopter pilot rather than a fire department or sheriff's office has the final say on where to land a helicopter for the purpose of transporting patients from a motor vehicle accident.

Very truly yours,

GREG  ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Jason Boatright
Assistant Attorney General, Opinion Committee